IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| **NILDA E. RODRIGUEZ,** § | | |
| § | | |
| **Plaintiff,** § | | |
| § | | |
| v. § | Civil Action No. L-07-CV-89 | |
| § | | |
| **SEARS, ROEBUCK, CO.; AND** § | | |
| **CHARLIE CRISP** § | | |
| § | | |
| **Defendant.** § | | |

## ORDER DENYING REMAND

Pending before this Court is Plaintiff Nilda E. Rodriguez's Motion to Remand, filed August 10, 2007. [Dkt. No. 4]. Defendants filed a Response to the motion on August 30, 2007. [Dkt. No. 7]. After due consideration of Rodriguez's Motion, the responsive filings, and the governing law, the Court **DENIES** Rodriguez's Motion. Consequently, the case will not be remanded to the state court from which it was removed.

### I.   PROCEDURAL HISTORY AND RELEVANT FACTS

On or about June 11, 2007, Rodriguez, who claims to be a Texas resident, filed suit in the 49th Judicial District Court, Webb County, Texas against Defendant Sears, Roebuck and Co. ("Sears"), alleging employment discrimination on the basis of age, intentional infliction of emotional distress, and negligence. [Dkt. No. 1, at 14-18]. Sears is incorporated in the State of Illinois with its principal place of business in the State of Illinois. [Dkt. No. 1, at 14]. Rodriguez included Charles Crisp—a Texas resident and manager of Sears when the events giving rise to this cause of action took place—as a party-Defendant in the case, bringing the claims of employment discrimination and intentional infliction of emotional distress against him. [Dkt. No. 1, at 15-16]. On July 12, 2007, Defendants timely filed their Notice of Removal to federal court on diversity

grounds, pursuant to 28. U.S.C. §§ 1441 and 1446. [Dkt. No. 1, at 8]. Defendants argue that Crisp was improperly joined as a defendant to this suit for the purpose of precluding diversity jurisdiction in federal court and to ensure that Plaintiff's claims against Sears remain in state court. [Dkt. No. 1, at 2].

Rodriguez responded to Defendants' Notice of Removal on August 10, 2007 by filing the Motion to Remand now before this Court. In support of her motion, Rodriguez argues the following: (1) that the wrongful termination claim does not involve a federal question but rather asserts only state law claims; (2) that joinder of Defendant Crisp was proper; and (3) that no diversity exists among the parties because she and Crisp are Texas residents. [Dkt. No. 4, at 2-3]. Defendants responded on August 30, 2007 and Rodriguez filed no subsequent reply brief. Because the Court finds that joinder of Crisp was improper, Rodriguez's Motion to Remand is therefore **DENIED**.

## II. DISCUSSION

### A. Legal Standard

When the propriety of removal is in dispute, the removing party bears the burden of establishing federal jurisdiction and therefore proper removal. *Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir. 2005). When the removing party alleges improper joinder as its basis for removal, it must establish either "(1) actual fraud in the pleading of jurisdictional facts, or (2) [the] inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id.* (quoting *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc)). Defendant Sears invokes the second justification for removal. [Dkt. No. 1, at 2-3].

Under the second prong for determining improper joinder, a federal district court will deem a plaintiff unable to establish a cause of action against a non-diverse defendant if "there is no reasonable basis . . . to predict that the plaintiff might be able to recover against an in-state

defendant." *Smallwood*, 385 F.3d at 573. In determining whether this "reasonable basis" exists, courts may conduct a "12(b)(6) type analysis, looking initially [to] the allegations of the complaint to determine whether it states a claim under state law against the in-state defendant." *Id.* Federal Rule of Civil Procedure 12(b)(6) provides that a court may dismiss a claim "for failure to state a claim upon which relief can be granted." Dismissal is warranted when it is clear that a plaintiff can "prove no set of facts in support of his claim that would entitle him to relief." *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999) (per curiam) (citing *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990)). In evaluating the sufficiency of the pleadings, a court treats all well-pleaded facts as true, "viewing them in the light most favorable to the plaintiff." *Id.* (citation omitted). The court does not determine whether the plaintiff will ultimately prevail, but rather whether he may present evidence in support of his claim. *Id.* A court should not dismiss a claim unless the plaintiff would not be entitled to relief under "any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Id.* (citing *Vander Zee v. Reno*, 73 F.3d 1365, 1368 (5th Cir. 1996)).

### B. A District Court's Power to Hear State Law Claims

Rodriguez's first argument in support of remand is that removal was improper because the action at issue does not involve a federal question but rather only questions of state law. [Dkt. No. 4, at 2]. In her original complaint, Rodriguez bases her employment discrimination claim on a violation of Chapter 21 of the Texas Labor Code, which covers employment discrimination. [*See* Dkt. No. 1, at 15]. Nothing in Rodriguez's complaint indicates that she is pursuing her employment discrimination claim under federal law. However, this does not preclude a federal court from hearing the case. Pursuant to 28 U.S.C. §1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." While it is true that Rodriguez's action does not involve a federal question, this is nevertheless not the only

basis for jurisdiction. A district court may also review a case under diversity jurisdiction pursuant to 28 U.S.C. §1332(a), which states that "the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different states . . . ." Thus, because a federal court may review a case under federal or diversity jurisdiction, this argument is insufficient in itself for remand to state court. Consequently, if this Court were to find diversity among the parties and that the amount in controversy exceeds $75,000, this Court would have the power to review this case and removal would therefore be proper.

### C.  Whether Crisp was Properly Joined

In their Notice of Removal, Defendants contend that Crisp was improperly joined because "the Court does not have a reasonable basis to predict that Plaintiff might be able to recover against Mr. Crisp on any of the claims asserted against him by Plaintiff . . . ." [Dkt. No. 1, at 3]. Specifically, Defendants allege that Rodriguez cannot establish liability against Crisp on any of the claims that she has plead in this action—namely age discrimination and intentional infliction of emotional distress. Conversely, Rodriguez claims that joinder of Crisp is not fraudulent because she pleaded a valid state law claim against him. [Doc. No. 4, at 3]. Whether Crisp is properly named as a party-Defendant will rest on the validity of Rodriguez's causes of action against him and whether there is a reasonable basis on which Rodriguez can recover from Crisp on the claims she has asserted in this suit.

#### *1. Employment Discrimination Based on Age*

Defendants claim that Rodriguez cannot establish liability against Crisp on an employment discrimination claim under Chapter 21 of the Texas Labor Code because she failed to "specifically allege a claim against Mr. Crisp under Chapter 21" in her original complaint. [Dkt. No. 1, at 3]. This Court will determine whether there is a "reasonable basis" "to predict that [Rodriguez] might

be able to recover against [Crisp]" by conducting a 12(b)(6) type analysis. *See Smallwood*, 385 F.3d at 573. Under this rule, a court may dismiss a claim "for failure to state a claim on which relief can be granted." *See* Fed. R. Civ. P. 12(b)(6). While Rodriguez does not cite to specific sections of Chapter 21 to support her claim, her pleadings are nevertheless sufficient to initiate the suit under both Federal and Texas Rules of Civil Procedure. *See* Fed. R. Civ. P. 8(a)(2) (requiring the claim to contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."); *see also* Tex. R. Civ. P. 45(b) (requiring the pleadings in district and county courts to "consist of a statement in plain and concise language of the plaintiff's cause of action or the defendant's grounds of defense."). Thus, the Court finds that Rodriguez complied with the notice pleading requirements of both federal and state rules and was not required to set out in detail the specific sections of Chapter 21 on which she based her claim.

Alternatively, Defendants claim that Rodriguez cannot establish liability against Crisp, because "no individual liability exists under Chapter 21 of the Texas Labor Code." [Dkt. No. 1, at 3]. Defendant is correct. Because supervisors and managers are not liable under the Texas Human Rights Act, Rodriguez cannot establish a valid claim for employment discrimination against Crisp that could lead this Court to predict any successful outcome on her behalf in state court. *See e.g., Medina v. Ramsey Steel Company, Inc.*, 238 F.3d 674, 686 (5th Cir. 2001); *City of Austin v. Gifford*, 824 S.W.2d 735, 742 (Tex. App.—Austin 1998, no pet.).

Thus, while Rodriguez's pleadings were sufficient with regards to her employment discrimination claim, the statute under which she is pursuing it—Chapter 21 of the Texas Labor Code—would effectively preclude her from suing Crisp as an individual. As such, this Court believes that Defendants have satisfactorily demonstrated that Rodriguez would be unable to establish a cause of action of employment discrimination against Crisp in state court.

### *2. Intentional Infliction of Emotional Distress*

Rodriguez also argues that joinder of Crisp is proper because he intentionally inflicted emotional distress on her. [Dkt. No. 4, at 3]. Texas law requires a finding of four elements for a successful claim of intentional infliction of emotional distress: (1) the defendant acted intentionally or recklessly; (2) the defendant's conduct was extreme and outrageous; (3) the defendant's actions caused the plaintiff emotional distress; and (4) the emotional distress that plaintiff suffered was severe. *Brennan v. Mercedes Benz USA*, 388 F.3d 133, 136 (5th Cir. 2005); *Hoffmann-LaRoche Inc. v. Zeltwanger*, 144 S.W.3d 438, 445 (Tex. 2004). In order for the alleged conduct to be sufficiently outrageous to fulfill the requirements for a successful claim, the Defendant's conduct must have been "so outrageous in character, and so extreme in degree as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society." *Brennan*, 388 F.3d at 136.

In her original complaint, Rodriguez claims that the Defendants' conduct in subjecting her to age discrimination constitutes intentional infliction of emotional distress because their actions were extreme and outrageous. [Dkt. No. 1, at 16]. Rodriguez fails to provide any additional factual information in support thereof. Under the notice pleading requirements of Tex. R. Civ. P. 45(b), which require the plaintiff to state the cause of action "in plain and concise language," Rodriguez's statement is sufficient. However, as stated above, dismissal is warranted under Fed. R. Civ. P. 12(b)(6) when it is clear that plaintiff can "prove no set of facts in support of his claim that would entitle him to relief." *Jones*, 188 F.3d at 324. While the Court will not determine whether Rodriguez will ultimately succeed on her claim, it will look at whether she may present evidence to support it. *See id*. In other words, this Court will consider whether Rodriguez would be entitled to relief under "any set of facts or any possible theory that [she] could prove consistent with the allegations in the complaint." *Id*.

The Texas Supreme Court, in *Hoffmann-LaRoche Inc.*, 144 S.W.3d at 447, made it clear that the tort of intentional infliction of emotional distress is "a 'gap-filler' tort that should not be extended to circumvent the limitations placed on the recovery of mental anguish damages under more established tort doctrines." (quoting *Standard Fruit & Vegetable Co. v. Johnson*, 985 S.W.2d 62, 68 (Tex.1998)). In *Hoffmann-LaRoche*, the plaintiff combined a claim of sexual harassment under Texas Labor Code section 21.051, retaliation under Texas Labor Code section 21.055, and intentional infliction of emotional distress. *Id.* at 441. The Texas Supreme Court reversed the award of damages based upon the intentional infliction of emotional distress claim. *Id.* The court "conclude[d] that when the gravamen of the plaintiff's complaint is for sexual harassment, the plaintiff must proceed solely under a statutory claim unless there are additional facts, unrelated to sexual harassment, to support an independent tort claim for intentional infliction of emotional distress." *Id.* In its reasoning, the Court stated that "[i]n creating the new tort, [the Court] never intended that it be used to evade legislatively-imposed limitations on statutory claims or to supplant existing common law remedies." *Id*. Thus, the Texas Supreme Court held that the tort is inapplicable when "the 'actor intends to invade some other legally protected interest, even if emotional distress results.'" *Id*. (quoting *Standard Fruit*, 985 S.W.2d at 67) (other internal quotations omitted). Stated differently, "[w]here the gravamen of a plaintiff's complaint is really another tort, intentional infliction of emotional distress should not be available." *Id.* at 447 (internal citation omitted).

Here, the gravamen of Rodriguez' claim is age discrimination. While *Hoffmann-LaRoche* involved only a claim against the employer, and here the intentional infliction claim is both against the employer and the individual supervisor, Rodriguez fails to distinguish between the two. Thus, she cannot circumvent the legislative prohibition against suing an individual supervisor by asserting a claim for intentional infliction of emotional distress.

7

Even if the "gap filler" basis for precluding relief under an intentional infliction claim was not present, the claim fails on the second basis identified in *Hoffmann-LaRoche* for a successful claim. In her Motion to Remand, Rodriguez attempts to demonstrate that Defendants' conduct was extreme and outrageous by citing to a number of cases where Texas courts have recognized intentional infliction of emotional distress in the employment relationship. [Dkt. No. 4, at 4]. However, these cases involve situations that can hardly be paralleled to Rodriguez's case, such as: threats of termination unless employee succumbed to sexual advances, *Fields v. Teamsters Local Union No. 988*, 23 S.W.3d 517, 531 (Tex. App.—Houston [1st Dist.] 2000, no pet.); employer touching employee's breasts and buttocks, *Stokes v. Puckett*, 972 S.W.2d 921, 924-25 (Tex. App—Beaumont 1998, pet. denied); raising insurance deductibles despite knowing that employee had terminal cancer, *Motsenbocker v. Potts*, 836 S.W.2d 126, 133 (Tex. App.—Dallas 1993, no writ); and instances of punitive intent and personal vendettas, *Tex. Farm Bureau Mut. Ins.Cos. v. Sears*, 84 S.W.3d 604, 613 (Tex. 2002). [*See* Dkt. No. 4, at 4]. While these instances may be sufficient to support a claim of intentional infliction of emotional distress, Rodriguez fails to demonstrate how her situation—allegedly suffering discrimination because of her age— is in any way similar to the cases she cites.

For conduct to be "extreme and outrageous," it is not enough that a defendant acts with a tortious or criminal intent, "that he . . . intended to inflict emotional distress, or even that his conduct [is] characterized by 'malice,' or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort." *Burroughs v. FFP Operating Partners, L.P.*, 28 F.3d 543, 546 (5th Cir. 1994). Considering Rodriguez's allegations under a Fed. R. Civ. P. 12(b)(6) analysis, this Court considers that she could prove no set of facts in support of her claim that would entitle her to relief in state court. *See Jones v. Greninger¸* 188 F.3d at 324. The Court is not making a determination on Rodriguez's ultimate success, but rather on whether she could present evidence in

8

support of her claim. *See id*. In the context of a claim for intentional infliction of emotional distress, "it is for the court to determine, in the first instance, whether a defendant's conduct was extreme and outrageous." *Swafford v. Bank of Am. Corp.*, 401 F. Supp. 2d 761, 765 (S.D. Tex. 2005). The facts that Rodriguez alleges, taken in the light most favorable to her, do not rise to the level of extreme or outrageous conduct as a matter of law. As such, this Court considers that Rodriguez has no reasonable basis to recover from Crisp for intentional infliction of emotional distress.

### D. Diversity Jurisdiction

Rodriguez also argues that this Court does not have the power to review her claims under diversity jurisdiction because there is no diversity among the parties given that both she and Crisp are citizens and residents of Texas. [Dkt. Nos. 1, at 4 & 4, at 3]. Conversely, Defendants contend that the residency of Crisp should be ignored for purposes of diversity because he was improperly joined as a party-Defendant. [Dkt. No. 1, at 2]. Under the "fraudulent joinder" doctrine, "a federal court may assert diversity jurisdiction when a non-diverse defendant has been fraudulently joined, i.e., when . . . there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court . . . ." *Cobb v. Delta Exports, Inc.*, 186 F.3d 675, 677 (5th Cir. 1999). Given the nature of this dispute, the Defendants bear the burden of establishing whether federal jurisdiction is proper. *Boone*, 416 F.3d at 388. This Court believes that Defendants have met their burden in demonstrating that there is no reasonable basis to predict that Rodriguez might be able to recover against Crisp under either the employment discrimination or intentional infliction of emotional distress claim. *See Smallwood*, 385 F.3d at 573.

Regarding the employment discrimination claim, because managers are not liable as individuals under the Texas Human Rights Act, Rodriguez would be unable to establish a cause of action against Crisp in state court. With regards to her second claim—intentional infliction of emotional distress—this Court agrees with Defendants that Rodriguez has no viable cause of action in state

court. After reviewing Rodriguez's pleadings and the arguments in support of her claim, this Court does not believe that the state court would find that Plaintiff has a claim against Crisp or that Defendants' conduct was extreme and outrageous and thus impose liability on Crisp for intentional infliction of emotional distress. Thus, because Rodriguez can bring no viable claim against Crisp in state court, this Court considers Crisp to have been improperly joined. As such, his citizenship can be ignored for the purpose of establishing jurisdiction. Consequently, because Sears is an Illinois corporation and Rodriguez claims to be a Texas resident, there is complete diversity between the parties.

For a federal court to have diversity jurisdiction, not only must there be diversity among the parties, but the matter in controversy must exceed $75,000. 28 U.S.C. §1332(a). The Court finds that Rodriguez's alleged damages meet this threshold. In her original complaint, Rodriguez fails to specify a monetary amount of damages claimed. However, she indicates seeking damages that include attorney's fees and costs, back pay, lost wages, front pay, lost future earnings and/or diminished earning capacity, emotional distress, past and future physical and mental pain, and exemplary damages. [*See* Dkt. No 1, at 16-17]. Because this Court finds Defendants' calculations of these damages as exceeding $75,000 to be reasonable, [*see* Dkt. No. 1, at 6-8], and because there is no indication in Rodriguez's Motion to Remand that she seeks to limit her recovery to this amount, this Court considers that the amount in controversy meets the threshold requirement. For the aforementioned reasons, this Court disagrees with Rodriguez's argument that because there is no diversity among the parties, this Court lacks the power to review her claims.

### III.    CONCLUSION

Under the fraudulent joinder doctrine, the presence of an improperly joined non-diverse defendant cannot defeat federal removal jurisdiction premised on diversity. After considering the arguments of the parties, the nature of Rodriguez's claims, and the applicable law, there is no

reasonable basis for this Court to conclude that Rodriguez might be able to recover against Defendant Crisp. As such, this Court finds that Defendant Crisp was improperly joined and Rodriguez's Motion to Remand is therefore **DENIED**.

    IT IS SO ORDERED.

    DONE this 29th day of October, 2007, in Laredo, Texas.

                                             _____
                                                 Micaela Alvarez
                                       UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**